UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATHAN EDWARDS,

        Plaintiff,                       Case No. 1:09-cv-72

v.                                         Honorable Robert J. Jonker

KENT COUNTY CIRCUIT COURT et al.,

        Defendants.

_____/

## OPINION

This is a civil action brought by a state prisoner under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff Nathan Edwards presently is incarcerated with the Michigan Department of Corrections and housed at the G. Robert Cotton Correctional Facility. He sues the Kent County Circuit Court, an unknown circuit judge and other unknown parties.

Plaintiff complains that he is being subjected to slavery by the Kent County Circuit Court based on his incarceration on a life sentence imposed by that court on February 16, 1972, after Plaintiff pleaded guilty to criminal sexual conduct under a since-repealed provision of Michigan law, MICH. COMP. LAWS § 750.520. In an argument invoking the Uniform Commercial Code, Plaintiff contends that the circuit court lacked jurisdiction over him. He also argues that he could not be publicly prosecuted for his private actions of repeatedly raping a woman at knife point. He also alleges that he pleaded guilty to the offense only after being beaten by police officers. He attaches to his complaint an affidavit describing in detail his sexual assaults.

    II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965;

*Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

Where a prisoner challenges the fact or duration of his confinement, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). "It is well established in this circuit that a declaratory action [under 28 U.S.C. § 2201] cannot be used as a substitute for the statutory habeas corpus procedure." *Hall v. Bradley*, No. 94-5245, 1994 WL 443234, at *1 (6th Cir. Aug. 16, 1994) (citing *Braden v. 30th Judicial Circuit Court*, 454 F.2d 145, 148 n.1 (6th Cir. 1972). Moreover, the Supreme Court has limited the scope of the All Writs Act solely to "filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction." *Penn. Bur. of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 41 (1985). The Court has made clear that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute," and that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 43. Here, 28 U.S.C. § 2254 is specifically legislated to be the vehicle for review of Plaintiff's claims. As a consequence, the All Writs Act does not provide an alternative route for review. *See Hagin v. Oklahoma*, 138 F. App'x 110, 111 (11th Cir. 2005) (All Writs Act is not alternative vehicle to set aside state court conviction when habeas relief is time-barred);

*Muhammad v. United States*, 76 F. App'x 45, 46 (6th Cir. 2003) (holding that, in the context of a federal prisoner, a petition for writ of coram nobis under the All Writs Act "is available only when a § 2255 motion is unavailable" because the petitioner is no longer in custody); *United States v. Rankin*, 11 F. App'x 496, 497-98 (6th Cir. 2001) (same); *see also Preiser*, 411 U.S. at 500 (habeas corpus petition is the sole remedy to attack the fact or duration of a conviction).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   February 17, 2009             /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE